1

2                    **UNITED STATES DISTRICT COURT**

3                          **DISTRICT OF NEVADA**

4

5   JIMMY CICCONE,                          )
                                            )        3:06-CV-00070-RCJ (VPC)
6              Plaintiff,                    )
                                            )
7       vs.                                  )        **REPORT AND RECOMMENDATION**
                                            )        **OF U.S. MAGISTRATE JUDGE**
8   OFFICER DAWSON, individually;           )
    OFFICER SMITH, individually             )
9                                           )
               Defendants.                  )        January 12, 2007
10  _____)

11

12          This Report and Recommendation is made to the Honorable Robert C. Jones, United

13  States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to

14  28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's motion for summary

15  judgment against Officer Greg Dawson ("Dawson") (#22).  Dawson opposed (#25) and plaintiff

16  replied (#28).  Dawson additionally filed a motion for summary judgment (#26).  Plaintiff did not

17  file a response.[1]  For the reasons stated below, the court recommends that plaintiff's motion for

18  summary judgment (#22) be denied and Dawson's motion for summary judgment (#26) be

19
20  granted.

21                    **I.  HISTORY & PROCEDURAL BACKGROUND**

22          Plaintiff Jimmy Ciccone ("plaintiff"), a *pro se* prisoner, is currently incarcerated by the

23  Nevada Department of Corrections ("NDOC") at the Lovelock Correctional Center ("LCC") (#5).
24

25  _____

26          [1]Dawson filed his motion for summary judgment on July 24, 2006 (#26) and plaintiff's opposition
    was due on August 12, 2006 (#27).  On September 29, 2006, the court gave plaintiff until October 20, 2006
27  to file an opposition to Dawson's motion for summary judgment (#33).  On November 3, 2006, the court
    granted one final extension of time until November 17, 2006 to file an opposition to Dawson's motion for
28  summary judgment and cautioned plaintiff that, pursuant to the Local Rules, "the failure of an opposing party
    to file points and authorities in response to any motion shall constitute a consent to the granting of the
    motion" (#38).  Plaintiff did not file an opposition.

1   Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials violated

2   his Fourteenth Amendment right to Due Process though excessive force and the denial of medical

3
    care while he was a pretrial detainee at the Clark County Detention Center ("CCDC") in Las
4
    Vegas.  *Id*.  Plaintiff names as defendants Officer Smith and Dawson, detention center officers
5
    at CCDC.[2]  *Id*.
6

7   In Count I, plaintiff alleges that Officer Smith acted with deliberate indifference to

8   plaintiff's safety because he refused to take appropriate medical action and forced plaintiff to lie

9   on the floor after plaintiff fell and fractured his hip.[3]  *Id*.  Further, plaintiff alleges that Officer

10
    Smith housed him in a cell where he was assigned an upper bunk, and that he was unable to climb
11
    into it due to his fractured hip.[4]  *Id*.  Finally, plaintiff alleges that Dawson pulled the plaintiff out
12
13  of his wheelchair and made him climb stairs on two occasions.[5]  *Id*.

14  Cross motions for summary judgment are before the court.  Plaintiff's motion for

15  summary judgment is fully briefed (*see* #s22, 25, and 28).  Dawson's motion for summary

16  judgment (#25) is unopposed.

17
    The Court notes that the plaintiff proceeds *pro se*.  "In civil rights cases where the plaintiff
18

19
        [2] In the factual allegations in his complaint, plaintiff refers to an "Officer Smith" and lists "Officer
20  Smith" in the caption, however, plaintiff failed to specifically list Officer Smith as a defendant (#5).
    Nevertheless, the court issued a summons for Officer Smith on March 22, 2006 (#7).  On April 24, 2006, the
21  U.S. Marshals office returned the summons for Officer Smith unexecuted, stating it was "Too vague.  No
    first name or badge number to identify the individual to be served" (#9).  On April 28, 2006, plaintiff filed
22  a notice regarding nonservice of Officer Smith, noting that there are several Officer Smiths at CCDC and
    stating that he would request another summons "after discovery reveals which of the many 'Smiths' is the
23  culprit" (#12).  On May 18, 2006, the plaintiff filed a motion for enlargement of time to file an amended
    complaint, arguing that he would be able to identify Officer Smith during discovery, but that discovery closed
24  after the time to file amended complaints (#15).  After a hearing on July 21, 2006, the court denied the
25  plaintiff's motion (#24).  The plaintiff has never served Officer Smith or identified him to the court.

26      [3] This allegation pertains to Officer Smith (#25, Ex. A, pp. 16-20).

27      [4] This allegation pertains to Officer Smith (#25, Ex. A, pp. 27-28).

28      [5] This allegation pertains to Officer Dawson (#25, Ex. A, pp. 29).

2

appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Summary Judgment  Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994).  The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(C). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).  In inmate cases, the courts must

> distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, __ U.S. __, 126 S.Ct. 2572, 2576 (2006).  Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 , 323 (1986).  Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but

1   must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477

2   U.S. at 248.   Rule 56(c) mandates the entry of summary judgment, after adequate time for

3   discovery, against a party who fails to make a showing sufficient to establish the existence of an

4   element essential to that party's case, and on which that party will bear the burden of proof at

5

6   trial. *Celotex*, 477 U.S. at 322-23.

7        Only evidence that would be admissible at trial may be considered by the court in ruling

8   on a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002)

9   *citing Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).   Rule

10  56(e) provides that

11

12        Supporting and opposing affidavits shall be made on personal
          knowledge, shall set forth such facts as would be admissible in
13        evidence, and shall show affirmatively that the affiant is
          competent to testify to the matters stated therein.   Sworn or
14        certified copies of all papers or parts thereof referred to in an
          affidavit shall be attached thereto or served therewith.   The court
15        may permit affidavits to be supplemented or opposed by
          depositions, answers to interrogatories, or further affidavits.
16        When a motion for summary judgment is made and supported as
17        provided in this rule, an adverse party may not rest upon the mere
          allegations or denials of the adverse party's pleading, but the
18        adverse party's response, by affidavits or as otherwise provided in
          this rule, must set forth specific facts showing that there is a
19        genuine issue for trial.   If the adverse party does not so respond,
          summary judgment if appropriate, shall be entered against the
20        adverse party.

21

22  Fed. R. Civ. P. 56(e).

23        The Ninth Circuit has repeatedly held that unauthenticated documents – documents that

24  do not have a proper foundation – may not be considered on a motion for summary judgment.

25  *Orr*, 285 F.3d at 773, *citing Cristobal v. Seigel*, 26 F.3d 1488, 1494 (9th Cir. 1994), *Hal Roach*

26  *Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550-51 (9th Cir. 1989), *Beyene v.*

27  *Coleman Security Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988), *Canada v. Blain's*

28

4

1   *Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) *and Hamilton v. Keystone Tankship Corp.*,

2   539 F.2d 684, 686 (9th Cir. 1976); *see also United States v. Dibble*, 429 F.2d 598 (9th Cir. 1970)

3   ("a plaintiff seeking summary judgment who has failed to produce such evidence on one or more

4   essential elements of his cause of action is no more entitled to a judgment... than is a plaintiff who

5   has fully tried his case and who had neglected to offer evidence sufficient to support a finding on

6   a material issue upon which he bears the burden of proof") (internal citations omitted).  For the

7   court to consider the evidence attached to a motion for summary judgment, the documents must

8   be "authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.]

9   56(e) and the affiant must be a person through whom the exhibits could be admitted into

10  evidence." *Canada*, 831 F.2d at 925 (citation omitted).  A court will not find a genuine issue of

11  material fact where the only evidence presented is "uncorroborated and self-serving" testimony.

12  *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

13

14

15              **2.  Fourteenth Amendment Conditions of Confinement**

16          Claims brought by pretrial detainees challenging the conditions of their confinement are

17  brought pursuant to the Fourteenth Amendment Due Process clause. *See Bell v. Wolfish*, 441 U.S.

18  520, 536, n. 16 (1979) ("The Court of Appeals properly relied on the Due Process Clause rather

19  than the Eighth Amendment in considering the claims of pretrial detainees.  Due Process requires

20  that a pretrial detainee not be punished."); *see also Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.

21  1998) ("Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process

22  Clause, rather than under the Eighth Amendment").  To determine whether the conditions of a

23  pretrial detainee's confinement constitute cruel and unusual punishment, a court must assess

24  whether the detainee was deprived of the "minimal civilized measure of life's necessities." *Frost*,

25  152 F.3d at 1128, *citing Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

26

27

28

1    If the prison has deprived the detainee of such necessities, a prison official may be held

2    liable if he or she has acted with deliberate indifference to a substantial risk of serious harm.  *Id*.;

3    *see also Farmer v. Brennan*, 511 U.S. 825 (1994).  Mere negligence on the part of prison medical

4    staff is not sufficient to prove deliberate indifference.  *Farmer*, 511 U.S. at 835.  The requisite

5    state of mind must have been "wanton," "which turn not upon its effect on the prisoner, but

6    rather, upon the constraints facing the official."  *Frost*, 152 F.3d at 1128, *citing Wilson*, 501 U.S.

7    at 302-03.

8

9    To establish a violation of the detainee's constitutional rights in relation to medical needs,

10   a plaintiff's case must satisfy an objective standard – that the deprivation alleged was "sufficiently

11   serious," and a subjective standard – deliberate indifference by the prison official, or in other

12   words, that the prison official had a "sufficiently culpable state of mind."  *Wilson*, 501 U.S. at

13   297-304; *Farmer*, 511 U.S. at 834.

14

15   **B. Analysis**

16   **1. Plaintiff's motion for summary judgment**

17   Plaintiff contends that there are only two undisputed facts: (1) that he had a fractured hip

18   while at CCDC; and (2) that Dawson pulled plaintiff from his wheelchair on January 13, 2005

19   and made plaintiff climb a flight of stairs even though he had a fractured hip (#22).  Plaintiff

20   submits as evidence his own affidavit, his medical records from CCDC, and the affidavit of

21   Wendell Coyle, a witness to the alleged event.  *Id*., Exhibits A and B.  Mr. Coyle affirms that he

22   witnessed Dawson

> pull detainee Jimmy Ciccone from his wheelchair and force him to
> claimb (sic) a flight of stairs on his way to court.  That depositions
> being taken by opposing counsel will not overcome the fact that I
> personally witnessed the foregoing act, Officer Dawson is
> recognizable by me and is a black man and I saw him many times
> within the Detention Center.

6

*Id.*, Ex. B.

Dawson's position is that material issues of fact do exist concerning these two "undisputed" facts for several reasons (#25). First, whether plaintiff originally injured his hip at the prison is irrelevant to plaintiff's claim that Dawson forced plaintiff to climb the stairs. *Id.* Second, plaintiff has not even established that he required a wheelchair, and plaintiff testified at his deposition that he could ambulate freely and did not have a wheelchair in his cell because he did not want one. *Id.* Third, since the medical records plaintiff provides are not authenticated, the court may not considered them, and therefore, the court should deny the plaintiff's motion on that basis alone. *Id.* Fourth, plaintiff testified in his deposition that he knows January 13, 2005 was the day the alleged incident occurred because that was the day he was sentenced (#25, Ex. A, p. 29); however, Dawson did not work on January 13, 2005, and he could not have been present during the alleged incident (#25, Ex. D, ¶2). *Id.* Fifth, the plaintiff and Mr. Coyle have testified at depositions and Mr. Coyle states in his affidavit that the officer who is guilty of this alleged incident is African-American (#25, Ex. A, pp. 25, 34 (plaintiff's deposition); #25, Ex. C, p. 17 (Coyle's deposition); #22, Ex. B (Coyle's affidavit)). However, Dawson attests in a sworn affidavit that he is Caucasian (#25, Ex. D, ¶4). Finally, Mr. Coyle changed his story. In his affidavit, Mr. Coyle states that he witnessed Officer Dawson force the plaintiff to climb the stairs, *see* #22, Ex. B. However, in his deposition, Mr. Coyle testified that he never actually saw plaintiff climb the stairs and only saw Dawson pull plaintiff from the wheelchair. *See* #25, Ex. C, pp. 13, 15-16.

Plaintiff argues in his reply that opposing counsel is "quite the master of charades" in that he has "chang[ed] Officer Dawson from a black man to a white one" (#28). Plaintiff states that his witness, Mr. Coyle, "specifically remembers a black officer Dawson," and cautions the court

1    to be suspicious of opposing counsel's "tactics." *Id.*[6]

2        Dawson is correct that the records plaintiff submitted are not authenticated.  Only

3    evidence that would be admissible at trial may be considered by the court in ruling on a motion

4    for summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002); *see also*

5
6    Fed.R.Civ.P. 56(e) ("Sworn or certified copies of all papers or parts thereof referred to in an

7    affidavit shall be attached thereto or served therewith.").  The Ninth Circuit has repeatedly held

8    that a court cannot consider unauthenticated documents in ruling on a motion for summary

9    judgment. *Orr*, 285 F.3d at 773.  The *Beyene* court concluded that a writing is not authenticated

10   merely because it is attached to an affidavit,

11
12               [e]ven if the writing appears on its face to have originated from
               some government agency... the foundation is laid for receiving a
13               document in evidence by the testimony of a witness with personal
               knowledge of the facts who attests to the identity and due
14               execution of the document and, where appropriate, its delivery.

15   *Beyene*, 854 F.2d at 1182.  There is no affidavit even purporting to authenticate the plaintiff's

16   medical records, and the plaintiff has not identified that these records were produced during

17   discovery.  Despite the latitude afforded *pro se* plaintiffs, the court will not consider the medical

18
19   records that plaintiff submitted in making its decision.[7]

20       Having excluded the medical records, the plaintiff's only evidence before the court is his

21   affidavit and that of Mr. Coyle.  *See* #22, Ex. B.  Mr. Coyle states in his affidavit that he

22

23       [6] Plaintiff states in his corresponding notice that "discovery is still in progress as to the identities of
24   the shrouded and covertly-clad defendants" (#29).  However, the court notes that pursuant to the court's
     scheduling order of May 8, 2006, discovery closed on August 7, 2006 (#14, ¶6).  On October 2, 2006, the
25   court, construing the plaintiff's "notice" as a motion to stay the briefing on dispositive motions, denied the
     motion because discovery is closed (#33).

26
       [7] Consistent with the decision to disregard the plaintiff's unauthenticated prison medical records
27   from evidence, the court will not consider Dawson's Exhibit E, *see* #25, Ex. E, which contains a copy of the
     unauthenticated records, nor will the court consider any arguments that are based on the substance of Exhibit
28   E.  *See* #25, pp. 4:7-15, 6:18 – 7:12.

"witnessed Officer Greg Dawson pull detainee Jimmy Ciccone from his wheelchair and force him to claimb [sic] a flight of stairs on his way to court." *Id*. However, Mr. Coyle contradicts himself in his deposition testimony when he admits that he saw Officer Dawson pull the plaintiff out of his chair, but he never actually saw the plaintiff climb the stairs (#25, Ex. C, pp. 13, 15-16). Further, Mr. Coyle admitted that it is possible Officer Dawson helped the plaintiff out of his wheelchair because the plaintiff could not stand due to shackles. *Id*., p. 16. Thus, the truthfulness of Mr. Coyle's testimony is in question.

Plaintiff testified that on the day of his sentencing, Dawson came with a wheelchair to get him to go to court (#25, Ex. A, p. 29). He further testified that the wheelchair was only used for the trip to court and that he did not normally have a wheelchair in his cell because he "didn't want it." *Id*., pp. 29-30. Plaintiff admitted that he could ambulate freely without the wheelchair. *Id*. Thus, it is not clear what the plaintiff's medical condition was on January 13, 2005.

Dawson has submitted an affidavit to the court which states that he was not at work on the day of the alleged incident.[8] *See* #25, Ex. D, ¶ 2 ("On January 13, 2005, I was not working at the Clark County Detention Center"). Plaintiff testified that the incident occurred on January 13, 2005, which he knew because it was the day of his sentencing (#25, Ex. A, p. 29).

Most interesting to the court, however, is that both plaintiff and Mr. Coyle testified in their depositions that the officer who allegedly forced plaintiff to climb the stairs with a fractured hip is African-American. *See* #25, Ex A, pp. 25, 34, Ex. C, p. 17; *see also* #28, p. 2. Mr. Coyle also swore under oath in his affidavit that Dawson is African-American (#22, Ex. B). However, Dawson swears under oath in *his* affidavit that he is Caucasian (#25, Ex. D, ¶ 4).

_____

[8] The court notes that the Dawson has only submitted his sworn affidavit and has not submitted any official records or pay stubs showing what days the Dawson worked in January 2005, and accordingly, takes this into consideration.

1   The court concludes that because Dawson has sworn under oath that he is Caucasian and

2   that he did not work on January 13, 2005, genuine issues of material fact exist.  These issues of

3   fact, combined with the plaintiff's sole piece of evidence being Mr. Coyle's affidavit – which, as

4   noted above, conflicts with his deposition testimony – is enough to preclude summary judgment

5

6   in favor of the plaintiff.  The court denies the plaintiff's motion for summary judgment (#22).

7   **2. Dawson's motion for summary judgment**

8   The plaintiff failed to respond to Dawson's motion for summary judgment.  The court

9   recognizes the plaintiff's *pro se* status and finds that it is possible that at one time the plaintiff

10  may have believed that his own motion for summary judgment and response somehow served as

11  an opposition to Dawson's motion for summary judgment.  However, the plaintiff should have

12

13  been disabused of this notion after the three separate occasions in which the court warned the

14  plaintiff of the consequences of failing to file an opposition.  The court warned the plaintiff that

15  if he did not file an opposition to Dawson's motion for summary judgment, the court would

16  construe the plaintiff's action as "consent to granting the motion" (#38).  Further, the court gave

17  the plaintiff two extensions of time in which to file an opposition, *see* #s 33 and 38, even though

18

19  the court stated when granting the first extension that it was the "final extension of time in which

20  to oppose defendant's motion for summary judgment" (#33).  Finally, the court sent plaintiff an

21  order pursuant to *Klingle v. Eikenberry*, 846 F.2d 409 (9th Cir. 1988), setting out the

22  requirements in regards to dispositive motions, on July 9, 2006 (#23).  Plaintiff had more than

23

24  adequate warning of the consequences of failing to file a response to Dawson's motion for

25  summary judgment – including two "final" warnings – yet, he did nothing.

26  Entirely apart from the plaintiff's failure to oppose Dawson's motion, the court notes that

27  it has concluded that material issues of fact *do* exist.  Any supposition that *had* the plaintiff

28

10

1   submitted an opposition the court would have denied Dawson's motion for summary judgment,

2   is belied by the particular issues of material fact here.  It is reasonable to conclude that Dawson

3   knows his race.  Dawson has sworn under the penalty of perjury that he is Caucasian (#25, Ex.

4   D, ¶ 4).  Plaintiff and his witness have sworn under the penalty of perjury that the officer who

5   allegedly made him climb the stairs was African-American (#25, Ex. A, pp. 25, 34 and Ex. C, p.

6   17; #28).  Further, Dawson swears under the penalty of perjury that he did not work on the day

7   in question (#25, Ex. D, ¶ 2).  Plaintiff swore under the penalty of perjury that he is sure of the

8

9   date of the incident because it was the day of his sentencing (#25, Ex. A, p. 29).  Given these

10  facts, even if the plaintiff had filed an opposition, the court would have been hard-pressed to deny

11

12  Dawson's motion for summary judgment.

13          Pursuant to the Local Rules of Practice for the District of Nevada, the failure of an

14  opposing party to file points and authorities in response to any motion shall constitute a consent

15  to the granting of the motion.  LR 7-2(d).  Aside from Dawson's arguments regarding the claims

16  against him – that he was not working on the day of the incident and because he is not African-

17  American – Dawson argues that the claims against "Officer Smith" should be dismissed because

18  "Officer Smith" is an unknown Doe defendant and there is no CCDC or other record of plaintiff's

19

20  hip injury occurring at CCDC (#26).  Since the plaintiff failed to oppose, the court deems his

21  silence as consent to Dawson's reasons for granting the motion.  LR 7-2(d).  The court grants the

22  Dawson's motion for summary judgment as to all defendants.

23                                  **III. CONCLUSION**

24          Based on the foregoing and for good cause appearing, the court concludes that with regard

25

26  to the plaintiff's motion for summary judgment, the plaintiff has failed to meet his burden to

27  demonstrate that there are no genuine issues of material fact.  Issues of fact exist as to whether

28

11

Dawson pulled the plaintiff from his wheelchair and made him climb a flight of stairs while the

plaintiff had an injured hip.  Further, by failing to respond to Dawson's motion for summary

judgment after being cautioned that a failure to respond would be construed as consent to granting

the motion, the court concludes that plaintiff has acquiesced in Dawson's motion for summary

judgment.  Additionally, the facts of the case are such that even if the plaintiff had filed an

opposition, the court likely would not have denied Dawson's motion for summary judgment.

Therefore, the court recommends that plaintiff's motion for summary judgment (#22) be

**DENIED** and Dawson's motion for summary judgment (#26) be **GRANTED**.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,

the parties may file specific written objections to this report and recommendation within ten days

of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and

Recommendation" and should be accompanied by points and authorities for consideration by the

District Court.

2.   This report and recommendation is not an appealable order and any notice of appeal

pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's

judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for summary judgment

(#22) be **DENIED** and Dawson's motion for summary judgment (#26) be **GRANTED.**

**DATED:** January 12, 2007.

_Valerie P. Cooke_

_____

**UNITED STATES MAGISTRATE JUDGE**

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28